cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KASHANI,  ) | Civil No.08cv0268 JM (AJB) |
| ) | |
| Plaintiff,  ) | |
| v.  ) | SCHEDULING ORDER |
| ) | |
| TYLER ADAMS; PAUL PHIPPS,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on June 12, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. The parties shall disclose the identity of their respective experts in writing by *October 20, 2008*. The date for the disclosure of the identity of rebuttal experts shall be on or before *November 3, 2008*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. On or before *December 20, 2008*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to**

**all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before *January 20, 2009*.

4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All fact discovery shall be completed by all parties on or before *October 20, 2008*. All expert discovery shall be completed by all parties on or before *March 20, 2009*. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a. All discovery motions shall be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

6. A Mandatory Settlement Conference shall be conducted on *June 1, 2009 at 1:30 p.m.* in the chambers of Magistrate Judge Anthony J. Battaglia. Counsel shall submit settlement briefs **directly** to chambers *(via e:mail at efile_battaglia@casd.uscourts.gov)* and serve copies on all counsel. Plaintiff's brief shall be submitted to chambers and served on all counsel no later than *May 18, 2009*. Defendant's brief shall be submitted to chambers and served on all counsel no later than *May 25, 2009*. The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments. Each party and claims adjusters for insured defendants, in addition to any other representatives with full authority to enter into a binding

settlement[1], as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

7. All other pretrial motions must be filed on or before *April 20, 2009. (This would include motions under Daubert v. Merrell Dow Pharmaceuticals, Inc, 509 U.S. 579 (1993) and related cases regarding the admissibility of expert testimony.)* Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.

8. Counsel's requirement to file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1.f.2 is hereby waived.

9. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or *before June 26, 2009*.

10. Counsel shall meet and take the action required by Local Rule 16.1.f.4 on or before *July 3, 2009*.

11. Objections to Pre-trial disclosures shall be filed no later than *July 10, 2009*.

12. The Proposed Final Pretrial Conference Order required by Local Rule 16.1.f.6 shall be prepared, served, and lodged on or before *July 10, 2009.*

13. The final Pretrial Conference is scheduled on the calendar of **Judge Miller** on *July 17, 2009 at 8:30 a.m.* The trial is scheduled to commence on *August 17, 2009 at 10:00 a.m.*

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference. Pitman at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1       16.    Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

      17.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum shall exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

      IT IS SO ORDERED.

DATED: June 16, 2008

*[signature]*

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court