1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            SOUTHERN DISTRICT OF CALIFORNIA
10
11   MATTHEW KASHANI,                      )   Civil No.08cv0268 JM (AJB)
                                           )
12                       Plaintiff,        )   **ORDER DENYING PLAINTIFF'S *EX***
     v.                                    )   ***PARTE* MOTION FOR ORDER TO**
13                                         )   **SHOW CAUSE AS TO WELLS FARGO**
                                           )   **AND 1SOURCE DATA; DENYING**
14   TYLER ADAMS; PAUL PHIPPS,             )   **PLAINTIFF'S *EX PARTE* MOTION**
                                           )   **FOR ISSUANCE OF ORDER TO**
15                       Defendants.       )   **RELEASE DOCUMENTS AS TO**
                                           )   **VERIZON; *SUA SPONTE* QUASHING**
16                                             **DOCUMENT SUBPOENA AS TO PHB,**
                                               **INC.**
17   _____          [Doc.  Nos.  19, 20, 30.]

18

19          On January 8, 2009, Plaintiff filed an *ex parte* motion for issuance of order to show cause against

20   Third Parties Wells Fargo Bank and 1Source Data.  (Doc. Nos. 19 & 20.)  Third Party Wells Fargo Bank

21   filed an opposition on February 9, 2009.  Plaintiff filed a reply on February 17, 2009.  On February 10,

22   2009, Plaintiff filed an *ex parte* motion for issuance of order to release documents as to Verizon

23   Pennsylvania.  (Doc. No. 30.)  On February 24, 2009, the People filed a First Amended People's Amicus

24   Brief in Support of Wells Fargo's Opposition to Motion for Order to Show Cause Re: Contempt.  A

25   motion hearing was held on February 27, 2009.  Plaintiff Matthew Kashani appeared in *pro per*.  John

26   Mayers, Esq. appeared on behalf of Wells Fargo Bank; John Merrill appeared on behalf of 1Source

27   Data; and Anna Winn, Esq. appeared on behalf of the People of the State of California ("People").

28   Based on the papers and hearing oral argument, the Court DENIES Plaintiff's *ex parte* motion for order

1   to show cause as to Wells Fargo Bank and 1Source Data.  The Court DENIES Plaintiff's *ex parte*

2   motion for issuance of order to release documents from Verizon Pennsylvania.  The Court also *sua*

3   *sponte* quashes the subpoena issued by the Western District of Pennsylvania on November 19, 2008

4   directed to Donald Chaffee's employer, PHB, Inc.

5   **Background**

6        On February 13, 2008, Plaintiff filed a complaint against Defendants Tyler Adams and Paul

7   Phipps for defamation.  He claims that in 2007 Defendants Adams and Phipps "made false statements to

8   lenders including Wells Fargo Bank in San Diego that plaintiff had given false information to the

9   lenders to obtain credit."  (Compl. ¶ 5.)  Consequently, Plaintiff alleges that he suffered economic harm

10  and loss of reputation in the business and banking community.  (Id. ¶ 6.)  He states that Adams opened

11  and attempted to open various credit card and credit line accounts in the name of Plaintiff's corporation.

12  (Id. ¶ 4.) He also made false statements to parties that Plaintiff had been the one responsible for opening

13  these accounts.  (Id.)  He claims that Defendant Phipps repeated these same false statements.  (Id.)

14        The People of the State of California filed an Amicus Brief which contains facts that provides a

15  better understanding of the allegations in Plaintiff's complaint.  The following facts are taken from the

16  Amicus Brief.  Donald Chaffee is a mechanic in Fairview, Pennsylvania who lives in a mobile home

17  with his wife, Bonnie.  (People's Amicus Brief at 1.)  In 2005, Donald co-signed on a loan to help his

18  stepson, Tyler Adams, buy a condo in San Diego.  (Id. at 1-2.)  After a suspicious phone call to his

19  employer, Donald checked his credit report in 2007 which showed credit cards he never opened,

20  commercial loans he never signed for, and a new job (President of Fissato, Inc.) he had never heard

21  about.  (Id. at 2.)  Bonnie's credit report was similar except she learned that she was the President of

22  Habley Medical Technology Corporation ("Habley Medical") which had a P.O. Box address in Rancho

23  Bernardo.  (Id.)  Bonnie worked as an office clerk in Pennsylvania.  (Id.)  Donald and Bonnie filed a

24  police report and began trying to prove to creditors that they were victims of identity theft.  (Id.)

25        Habley Medical was an Orange County design-house for medical devices holding over a hundred

26  patents for its medical inventions.  (Id.)  It began in 1981 and closed its door around 2000.  (Id.)  At the

27  time, Clark Foster was the firm's design engineer.  (Id.)  Clark Foster recalls Plaintiff's uncle was

28

1   Habley's business attorney.  (<u>Id.</u>)  Plaintiff visited Habley and assisted his uncle with business there.

2   (<u>Id.</u>)  In 2000, when Habley closed, Foster began working elsewhere.  (<u>Id.</u>)

3     In 2007, Foster learned he was listed as a principal of Habley on applications for commercial

4   loans.  (<u>Id.</u>)  His name was used to purchase several Rolex watches.  (<u>Id.</u>)  Foster phoned the number for

5   Habley and heard a voicemail say, "Hello, this is the direct line for Clark Foster at Habley . . . ."  (<u>Id.</u>)

6   Foster confirmed that the commercial loan documents had his forged signature.  (<u>Id.</u>)

7     In 2007, contacted by Direct Capital lending institution, SDPD Detective Arthur Dubois began

8   an investigation into a suspected fraudulent application submitted by Habley Medical for a commercial

9   loan of $80,000.  (<u>Id.</u>)  Other loan companies were also contacted and several had actually funded the

10  loans based on fraudulent Habley paperwork submitted.  (<u>Id.</u>) The loans were used to buy over fifty

11  laptop computers, some of which were recovered at Plaintiff's home.  (<u>Id.</u> at 3.)  Several credit cards

12  were also obtained using fraudulent Habley documents and items purchased were shipped to Plaintiff.

13  (<u>Id.</u>)  It was also revealed that Plaintiff is the CEO of Fissato, Inc.  (<u>Id.</u>)  On October 31, 2007, Plaintiff

14  was arrested and currently facing 14 felony charges involving identify theft, fraud, conspiracy and grand

15  theft in San Diego County case number CN 236630.  (<u>Id.</u>)

16              **Procedural Background**

17    On January 8, 2009, Plaintiff Matthew Kashani filed an *ex parte* motion for issuance of order to

18  show cause against Third Parties Wells Fargo Bank and 1Source Data.  Third Party Wells Fargo Bank

19  filed an opposition on February 9, 2009.  Plaintiff filed a reply on February 17, 2009.

20    On January 21, 2009, Verizon Pennsylvania ("Verizon") sent the Court a copy of the documents

21  requested in Plaintiff's document subpoena to Verizon.  On January 26, 2009, Plaintiff sent an

22  unsolicited e-mail to the Court regarding the third party subpoena to Verizon.  On January 28, 2009, the

23  Court issued an Order Re Improper Communication with the Court and indicated that the third party

24  subpoena issue would be addressed at the hearing on February 27.  However, on February 10, 2009,

25  Plaintiff filed an *ex parte* motion for issuance of order to release documents currently in possession by

26  the Court.  On February 24, 2009, the People filed a First Amended People's Amicus Brief in Support of

27  Wells Fargo's Opposition to Motion for Order to Show Cause Re: Contempt.

28                  **Discussion**

1        Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding

2   any nonprivileged matter that is relevant to any party's claim or defense -- including the existence,

3   description, nature, custody, condition, and location of any documents or other tangible things and the

4   identity and location of persons who know of any discoverable matter . . . . Relevant information need

5   not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

6   admissible evidence." Fed. R. Civ. P. 26(b)(1).

7   **A.      Third Party Wells Fargo Bank**

8        Plaintiff served a document subpoena on Wells Fargo Bank on November 7, 2008. (*Ex Parte*

9   Motion as to Wells Fargo, Ex. A.)  He seeks all documents relating to nonparties Habley Medical

10  Technology Corporation, Tyler Adams, Clark Foster, Donald Chaffee, and Bonnie Chaffee.  Specifically

11  he seeks:

1.   All documents related to all applications for loans or credits;
2.   All documents relating to any credit decision taken by the nonparty;
3.   All documents reflecting communications between Wells Fargo and the non party;
4.   All credit memos and other internal documents relating to the non party;
5.   All account opening agreements and signature cards for any account;
6.   All account statements for any account in the name, including closed accounts;
7.   Front and back copies of all cancelled checks in an amount greater than $1000 drawn on any account in the name of the nonparty;
8    Records of all wire transfers or other transfers of funds greater than $1000 drawn on any account in the name of the nonparty;
9    All applications, agreements or other records relating to the opening or issuance of any credit card in the name of the nonparty;
10.  All account statements of any credit card in the name of the nonparty including closed accounts;
11   All documents relating to or constituting any loan application;
12.  The complete loan file pertaining to any loan or credit card applied for or issued to the nonparty;
13.  All loan statements and records of payments pertaining to any loan applied for or issued to the non party;
14.  All records of the disposition of any loan to the nonparty, including records of foreclosure.

        On November 10, 2008, Plaintiff agreed to waive any documents related to Clark Foster and was

told that Wells Fargo had no documents related to Donald and Bonnie Chaffee.  Therefore, Plaintiff

1   seeks documents related solely to Habley Medical and Defendant Tyler Adams.  He claims that Wells

2   Fargo failed to comply with the subpoena.[1]

3        At the hearing, Plaintiff alleges that Defendant Tyler Adams defamed him by stating that

4   Plaintiff improperly obtained a loan under Habley Medical[2] to purchase items.  He contends that these

5   statements were false and Adams, posing as Clark Foster, improperly obtained the loan.  In opposition,

6   Wells Fargo argues that the documents he seeks to subpoena are not relevant because these documents

7   would not contain defamatory statements Plaintiff allegedly made to lenders.

8        **1.    Habley Medical**

9        Plaintiff seeks a broad range of documents without demonstrating the relevance of these

10  documents to his claim of defamation.  In addition, Plaintiff's request of numerous banking documents

11  raise privacy concerns of third parties.  It is not clear how any loan application, account opening

12  agreements, records of payments pertaining to a loan, copies of canceled checks, wire transfers, account

13  statements and others would be relevant to show that Adams, posing as Clark Foster, improperly

14  obtained the loan.  At the hearing, Wells Fargo agreed to review its loan applications by Habley Medical

15  to determine if there are any reference to Plaintiff's name in those documents.  Accordingly, the Court

16  **GRANTS** Plaintiff's request to the extent the documents reference Kashani's name.  If Plaintiff's name

17  appears on the document, Wells Fargo shall  provide those documents to Plaintiff subject to redaction of

18  private third party information.  Wells Fargo shall provide the documents, if located, to Plaintiff no later

19  than **March 13, 2009.**  Wells Fargo may provide a copy of the document to the Court.

20       **2.    Tyler Adams**

21       Plaintiff also seeks loan and credit information regarding Defendant Adams.  Plaintiff has not

22  demonstrated in his papers or at the hearing how any credit or loan information about Adams would

23

24       [1] The parties discuss at length about the failure to meet and confer.  Wells Fargo argues that a
     proper in person meet and confer was not held because Plaintiff made no attempts to arrange a face to
25   face meeting.  Plaintiff presents an unpersuasive argument why the meet and confer requirement should
     not apply to his case.  He also argues Wells Fargo was responsible for the failure to meet and confer.  It
26   appears both parties played a role in the failure to meet and confer and neither party should be penalized
     for the failure to meet and confer.  A proper meet and confer after the filing of the motion occurred on
27   February 16, 2009.

28
         [2]Plaintiff states he is the CEO of Habley Medical.

                                        5                                              08cv0268

1   demonstrate that he made false statements against Plaintiff or opened accounts in Habley's name using

2   Clark Foster's name.  Accordingly, the Court **DENIES** Plaintiff request for documents as to Defendant

3   Adams.

4   **B.      Third Party 1Source Data**

5           On July 10, 2008, Plaintiff served a document subpoena on 1Source Data.  (*Ex Parte* Motion as

6   to 1Source Data, Ex. A.)  Plaintiff seeks the following:

7           1.      All records of any request by Tyler Adams, California Licensed Broker No.
                    01495726, or Adams Financial for credit profile or credit information provided by
8                   1Source Data on any of the following:

9   Donald Chaffee
    Bonnie Chaffee
10  Tyler Adams, aka Kevin M.  Schoolcraft aka Kevin Michael aka Kevin Kennedy
    Adams Financial LLC/Adams Financial
11  Habley Medical Technology Corp.
    Clark Foster
12  Transcontinental Petroleum Industries, Inc.
    Matthew Kashani
13  Hooshang Kashani
    Kipp Berry
14  Christopher R. Priebe
    Camilla Berry
15  Frederick A.  Meiser
    Fissato Inc.
16  Angela E.  Glasgow
    Suzanne Newman
17  Zulia Kamali
    Irina Shavrikova aka Irina Chavrikova
18
        2.      All records of any request by Tyler Adams, California Licensed Broker No.
19              01495726, or Adams Financial for credit profile or credit information provided by
                1 Source Data on any person or entity.
20
        3.      Documents showing the name only of any credit profile or credit report requested
21              by Tyler Adams, California Licensed Broker No.  01495726, or Adams Financial
                and provided by 1 Source Data.
22

23          In his papers, Plaintiff argues that 1Source Data failed to comply with the subpoena in the

24  motion for order to show cause.  However, at the hearing, Plaintiff stated that he was satisfied with what

25  has been provided and was only seeking a custodial declaration regarding the information that 1Source

26  Data provided.  During the hearing, John Merrill, the custodian of records at 1Source Data, signed a

27  declaration.  Therefore, the motion to compel is resolved and the Court DENIES the motion as MOOT.

28  The Court also DENIES Plaintiff's *ex parte* motion for order to show cause as to 1Source Data.

1    **C.     Verizon Pennsylvania**

2         On December 1, 2008, Plaintiff served a document subpoena on Verizon Pennsylvania and seeks

3    the following:

4         Documents related to Donald Chaffee (and Bonnie Chaffee), Social Security No.__, Pennsylva-
          nia driver's license # __, date of birth, _.

5

6    1.   All telephone billing statements from January 2005 to present date for telephone lines
          issued to Donald Chaffee (and Bonnie Chaffee) including but not limited to the following
7         telephone numbers:

8         814-474-1951
          814-833-1158
9

10   2.   All records showing telephone usage by Donald Chaffee (and Bonnie Chaffee), including
          telephone numbers dialed from and calls received by the numbers listed below, during
11        the period January 2005 to present date:

12        814-474-1951
          814-833-1158

13   3.   All billing and other records pertaining to telephone numbers and accounts in the name of
          Donald Chaffee (and Bonnie Chaffee), including but not limited to the following
14        telephone numbers, during the period Janaury 2005 to present date:

15        814-474-1951
          814-833-1158
16

17   4.   All telephone billing statements from January 2005 to present date for telephone numbers
          issued to Donald Chaffee (and Bonnie Chaffee) for landline phone numbers at the
18        address 6161 Sterrettania, Fairview, PA 16415, during the period January 2005 to present
          date

19   5.   All records showing telephone usage for telephone numbers issued to Donald Chaffee
          (and Bonnie Chaffee) for landline phone numbers at the address 6161 Sterrettania,
20        Fairview, PA 16415, during the period January 2005 to present date.

21   6.   All billing and other records pertaining to telephone numbers and accounts in the name of
          Donald Chaffee (and Bonnie Chaffee), for phone numbers at the address 6161
22        Sterrettania Fairview, PA 16415 during the period January 2005 to present date.

23   7.   All records of any long distance carrier attached to telephone numbers issued to Donald
          Chaffee (and Bonnie Chaffee) including but not limited to the following telephone
24        numbers, during the period Janaury 2005 to present date:

25        814-474-1951
          814-833-1158
26

27   8.   All records of any long distance carrier attached to landlines issued to Donald Chaffee
          (and Bonnie Chaffee) for landline phone numbers at the address 6161 Sterrettania,
28        Fairview, PA 16415, during the period January 2005 to present date.

On January 21, 2009, Verizon Pennsylvania sent the documents requested in Plaintiff's subpoena to the Court based upon a letter from Deputy District Attorney Anna Winn informing Verizon that Plaintiff is charged with using the personal identifying information of Chaffee in order to defraud numerous banks and businesses. Winn requested that Verizon withhold any information because the subpoena is an attempt to intimidate and further victimize Chaffee. On February 10, 2009, Plaintiff filed an *ex parte* notice of motion for issuance of order to release documents to Plaintiff that were produced by Verizon to the Court.

The People argue that the phone records should not be turned over to Plaintiff because the records are not relevant and Plaintiff is seeking to intimidate and harass the victims in his state criminal case. At the hearing, contrary to what he argues in his papers[3], Plaintiff believes that Defendant Adams made defamatory comments about him to the Chaffees which were then relayed to the police. Based on the facts before the Court and Plaintiff's comments, Plaintiff does not have a good faith basis for such an allegation and it is based on speculation. The Court concludes that Plaintiff has not shown the relevance of the phone records to his claim of defamation. The Court notes that the Chaffees are victims in the state criminal case and Plaintiff's discovery request could amount to harassing the victims in his criminal case. Therefore, the Court DENIES without prejudice Plaintiff's *ex parte* motion for the release of the documents to Plaintiff. The Court shall hold the documents subject to Plaintiff making a showing of relevance of these documents to his claim of defamation.

**D.      Document Subpoena as to PHB, Inc.**

According to the People, a document subpoena was issued to Chaffee's employer, PHB, Inc., seeking all employment records of Donald Chaffee from 2005 to the present. (People's Amicus Brief, Ex. 1.) Specifically, Plaintiff seeks copies of W-2s and other tax-related forms, payroll stubs, personnel file, records of communications with banks, lenders, credit agencies, police or governmental agencies, and requests for verification of employment. (Id.)

---

[3]In his *ex parte* motion for order to show cause, Plaintiff argues that Defendants defamed him by stating that Plaintiff placed calls claiming to be Donald Chaffee, Bonnie Chaffee, and/or Tyler Adams in order to obtain credit. He claims the calls were placed by Donald, Bonnie and Tyler themselves from their own phones and the phone records will show that the calls in question were placed from the phones of Donald, Bonnie and Tyler Adams and not by Plaintiff.

08cv0268

1   Plaintiff's request for these confidential employment records border on harassment to Donald

2   Chaffee, a victim in Plaintiff's state criminal case.  Plaintiff has not shown any relevance of these

3   confidential and private documents to his case.  Therefore, the Court *sua sponte* quashes the subpoena

4   issued to PHB, Inc.  Plaintiff's issuance of these overbroad and intrusive subpoenas that are not relevant

5   to his case raises questions as to relevance of  the remaining subpoenas that have already been issued

6   and complied with in this case.  Therefore, the Court ORDERS Plaintiff to provide the Court a list of

7   documents that has been requested in subpoenas issued in this case no later than **March 13, 2009.**

8   Plaintiff shall also provide the People a copy of the list.  In addition, Plaintiff shall now seek leave of

9   Court before Plaintiff issues anymore subpoenas under the title in this case.  Any violation of this order

10  will serve as the basis for contempt proceedings.

11                                    **Conclusion**

12  Based on the above, the Court DENIES Plaintiff's *ex parte* motion for order to show cause as to

13  Wells Fargo Bank, (Doc. No. 20), and 1Source Data (Doc. No. 19).  The Court DENIES Plaintiff's *ex*

14  *parte* motion for issuance of order to release documents to Plaintiff as to Verizon Pennsylvania (Doc.

15  No. 30).  The Court also *sua sponte* QUASHES Plaintiff's document subpoena to PHB, Inc.

16  In addition, the Court GRANTS Plaintiff's motion to compel the production of documents as to

17  Wells Fargo to the extent any loan applications for Habley Medical reference Plaintiff's name.  Wells

18  Fargo shall produce the documents, if any, to Plaintiff on or before **March 13, 2009.**  Wells Fargo may

19  provide the Court a copy of the document sent to Plaintiff.  The Court also DENIES Plaintiff's motion to

20  compel as to Tyler Adams.  The Court DENIES Plaintiff's motion to compel as to 1Source Data as

21  MOOT.

22  Plaintiff shall provide the Court a list of all the subpoenas served in this case and provide a copy

23  of the list to the People.  Plaintiff shall seek leave of Court prior to filing any further subpoenas in this

24  case.  Any violation of the Court's order shall subject a party to contempt of Court.

25  IT IS SO ORDERED.

26  DATED:  March 4, 2009

27  _____

28  Hon. Anthony J. Battaglia
    U.S. Magistrate Judge
    United States District Court

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08cv0268