UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KASHANI,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>TYLER ADAMS; PAUL PHIPPS,<br><br>　　　　　　　Defendants. | Civil No.08cv0268 JM (AJB)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR RECONSIDERATION OF THE COURT'S DISCOVERY ORDER OF MARCH 5, 2009**<br><br>[Doc. No. 52.] |

On April 14, 2009, Plaintiff filed an *ex parte* motion for reconsideration of the Court's discovery order filed on March 5, 2009 pursuant to Federal Rule of Civil Procedure 60(b)(2) and Civil Local Rule 7.1(i). After a review of the application and supporting documents, the Court DENIES Plaintiff's *ex parte* motion for reconsideration of the Court's order filed on March 5, 2009.

**Discussion**

**A.   Discovery Order filed on March 5, 2009**

Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(2) ("Rule 60(b)") which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding . . . for the following reasons . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). However, Rule 60(b) does not provide relief from judgments, orders or proceedings that are not final. United States v. Martin, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000) ("Rule 60(b) applies only to "motions

attacking, final, appealable orders . . . .") Plaintiff seeks a motion to reconsider a discovery motion which is not a "final" order. Therefore, Plaintiff's motion is not properly brought under Rule 60(b).

Plaintiff also seeks relief pursuant to Civil Local Rule 7.1(i). Civil Local Rule 7.1(i) provides the procedure for a trial court to reconsider an interlocutory order. See School Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958). Civil Local Rule 7.1(i) provides that an application for reconsideration may be made by a party who must provide "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Civ. Local R. 7.1(i). Further, "no motion or application for reconsideration shall be filed more than 30 days after the entry of the ruling, order or judgment sought to be reconsidered." Id.

First, the Court notes that the motion for reconsideration is not timely. The Court's order was filed on March 5, 2009 and Plaintiff did not file his motion for reconsideration until over thirty days later on April 14, 2009.

Second, Plaintiff's argument for reconsideration is solely based on the recently filed amended complaint where he added Donald Chaffee and Bonnie Chaffee as defendants and added claims of fraud, conversion and fraudulent use of personal and business identifying information for personal gain. Plaintiff does not show how the new documents he attaches to the *ex parte* motion are relevant to the claim of defamation.

The Court's role in reviewing a motion for reconsideration is to look at the original motion and operative complaint at the time it was filed and determine "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Civ. Local R. 7.1(i). At the time of the original motion, the complaint had one claim of defamation. Therefore, the court must look at whether the "newly" discovered facts are relevant to the claim of defamation. See id. Plaintiff has failed to make such a showing. Accordingly, the Court DENIES Plaintiff's *ex parte* motion for reconsideration of the Court's March 5, 2009 order.

The First Amended Complaint was recently filed on April 14, 2009. Although Donald and Bonnie Chaffee are named defendants in the case, they have not yet appeared. In fact, it appears that they have not even been served with the First Amended Complaint. (See Doc. No. 49.) Therefore the pleadings are still at issue and the documents that Plaintiff seeks in his motion are premature. Once an

Answer has been filed in this case, Plaintiff may pursue these documents, if relevant, through first party discovery.

In addition, the Court cautions Plaintiff from utilizing the "ex parte" procedure instead of filing a regular noticed motion. Motion procedures are outlined in Civil Local Rule 7.1(e). *Ex parte* proceedings are used for "emergency" circumstances and should not used to bypass regular motion procedures. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995). In addition, if Plaintiff should file an *ex parte* motion in this case, Plaintiff must follow the procedure for *ex parte* motions. See Civ. Local R. 83.3(h).

**B.     People's Amicus Brief**

Plaintiff also seeks a reconsideration of the Court's March 5, 2009 order because the Court relied on facts presented in an amicus brief by the People of the State of California. (Doc. No. 35.) Plaintiff claims that the amicus brief was filed late, never served on him and the People has no standing to participate in this case. These arguments were presented to the Court during the motion hearing. Plaintiff has not presented any "new or different facts and circumstances." See Civ. Local R. 7.1(i). Accordingly, the Court DENIES Plaintiff's *ex parte* motion for reconsideration of the Court's discovery order of March 5, 2009.

**Conclusion**

Based on the above, the Court DENIES Plaintiff's *ex parte* motion for reconsideration of the Court's discovery order of March 5, 2009.

IT IS SO ORDERED.

DATED: April 21, 2009

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court