UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KASHANI,<br><br>　　　　　　　Plaintiff,<br>v.<br>TYLER ADAMS; PAUL PHIPPS,<br><br>　　　　　　　Defendants. | Civil No.08cv0268 JM (AJB)<br><br>**Order Granting in Part and Denying in Part Plaintiff's *Ex Parte* Motion for Leave to Issue Subpoenas** |

On June 1, 2009, Plaintiff filed an *ex parte* motion for leave to issue subpoenas to Wells Fargo Bank, PC Mall, Inc. and First National Bank of Omaha.[1] On April 14, 2009, Plaintiff filed a First Amended Complaint against Defendants Tyler Adams, Paul Phipps, Donald Chaffee and Bonnie Chaffee for defamation, fraud, conversion, and fraudulent use of personal and business identifying information for personal gain. Defendant Adams filed an Answer on April 22, 2009. Defendant Phipps filed an Answer on May 5, 2009. The Clerk of Court entered an entry of default against Defendants Donald and Bonnie Chaffee on May 15, 2009 for failure to respond to the First Amended Complaint.

**Discussion**

The documents Plaintiff seeks concern Defendants Adams and Donald and Bonnie Chaffee. In Adams' Answer, he admits the fraud and conversion claims. Currently, Defendants Donald and Bonnie

---

[1] On March 5, 2009, the Court issued an order requiring Plaintiff to seek leave of the Court before issuing any more subpoenas. (Doc. No. 40.) Based on the Court's review of the record at that time, it appeared that Plaintiff was abusing the subpoena process by issuing at least 57 subpoenas seeking personal and confidential records of parties and non parties. (See Doc. No. 45.)

Chaffee are in default.  Therefore, any discovery Plaintiff seeks as to those Defendants would be relevant to damages.

### A.  Wells Fargo Bank

Plaintiff seeks documents from Wells Fargo Bank relating to Habley Medical Technology Corporation ("Habley Medical") to demonstrate that Defendants Adams and the Chaffees utilized Plaintiff's personal and corporate information to obtain credit.  Since the subpoena relates to the issue of damages as to fraud, the Court GRANTS the *ex parte* motion for leave to issue a subpoena as to Habley Medical.  Plaintiff has not place any temporal limits on the subpoena.  The Court has reviewed the First Amended Complaint and notes that the acts in question occurred between December 2005 to October 2007.  (First Am. Compl. ¶ 11.)  Therefore, Plaintiff shall limit the Wells Fargo subpoena to the time period from December 1, 2005 to October 31, 2007.

Plaintiff also seeks bank documents as to Defendant Tyler Adams to demonstrate that Adams improperly transferred $50,000 that Plaintiff gave him to Defendant Donald Chaffee.  Adams admitted that he received $50,000 from Plaintiff to deposit into escrow and transferred $49,000 of the money to Donald Chaffee.  (Ans. ¶¶ 6, 7.)  Therefore, Plaintiff does not have to show that the conversion occurred.  The Court DENIES the *ex parte* motion for leave to issue a subpoena to Wells Fargo Bank as to Tyler Adams as moot.

### B.  PC Mall, Inc.

Plaintiff argues that Defendants Adams and Bonnie Chaffee fraudulently obtained credit in the name of Habley Medical through PC Mall, Inc.  Since this subpoena is relevant to damages as it relates to fraud, the Court GRANTS Plaintiff's *ex parte* motion for leave to issue a subpoena to PC Mall, Inc. as to Habley Medical.

### C.  First National Bank of Omaha

Plaintiff claims that Defendants Adams and Bonnie Chaffee fraudulently obtained credit from First National Bank of Omaha in the name of Habley Medical Technology Corporation.  As this issue concerns damages related to fraud, the Court GRANTS Plaintiff's *ex parte* motion for leave to issue a subpoena to First National Bank of Omaha as it relates to Habley Medical.  However, the subpoenas shall be limited to the time period from December 1, 2005 to October 31, 2007.

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Plaintiff's *ex parte* motion for leave to issue subpoenas. Specifically,

1. The Court GRANTS Plaintiff's *ex parte* motion for leave to issue a subpoena to Wells Fargo Bank as to Habley Medical. However, the subpoena shall be limited to the time period from December 1, 2005 to October 31, 2007.

2. The Court DENIES Plaintiff's *ex parte* motion for leave to issue a subpoena to Wells Fargo Bank as to Defendant Tyler Adams as moot.

3. The Court GRANTS Plaintiff's *ex parte* motion for leave to issue a subpoena to PC Mall, Inc. as to Habley Medical.

4. The Court GRANTS Plaintiff's *ex parte* motion for leave to issue a subpoena to First National Bank of Omaha as it relates to Habley Medical. However, the subpoena shall be limited to the time period from December 1, 2005 to October 31, 2007.

IT IS SO ORDERED.

DATED: June 5, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court