# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KASHANI,<br><br>                                Plaintiff,<br>    vs.<br>TYLER ADAMS; PAUL PHIPPS; DONALD CHAFFEE; BONNIE CHAFFEE,<br><br>                                Defendants. | CASE NO. 08cv0268 JM(AJB)<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

      Plaintiff Matthew Kashani moves for partial summary judgment against Defendant Tyler Adams as to the issue of liability on each of the four claims alleged in the First Amended Complaint ("FAC"). Defendant Adams did not file an opposition nor a statement of non-opposition as required by Local Rule 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion for partial summary judgment as to liability on each of the four claims.

## BACKGROUND

      On April 1, 2009 Plaintiff filed this diversity action alleging four state law claims for relief: defamation, fraud, conversion, and fraudulent use of personal and business information. Plaintiff alleges that in January 2007 Adams requested that he partner with him in the purchase of real property in Murrietta, California. (FAC ¶6). To that end,

1  Plaintiff deposited about $50,000 into an escrow account and then Defendants cancelled
2  escrow and transferred the funds into a co-defendant's bank account.  (FAC ¶7).
3  Defendant Adams admitted the defalcation.  Id.

4  Defendant Adams also allegedly obtain the Tax ID numbers of two corporations
5  in which Plaintiff was an officer, Habley Medical Technology Corp. ("Habley") and
6  Fissatto Inc.  (FAC ¶9).  Using credit information obtained on Habley and Fissato,
7  Defendants wrongfully purchased real estate, leased out the properties, ceased paying
8  the mortgages, and retained the lease payments.  (FAC ¶¶9-11).  Defendants allegedly
9  informed lenders that they earned $500,000 as officers of Habley and Fissatto and then
10 obtained loans based upon the false income statements.  Defendants also used the credit
11 of Habley and Fissatto to obtain credit cards and cash advances.  Plaintiff's defamation
12 claim arises from false statements made by Defendant Adams in 2007.  At that time,
13 Defendant Adams informed Wells Fargo Bank and other lenders that Plaintiff had given
14 false information to the lenders to obtain credit.  (FAC ¶23).

15 On April 22, 2009, Defendant Adams filed an answer to the FAC.  With respect
16 to the allegation that Defendant Adams wrongfully cancelled escrow and wrongfully
17 transferred the funds to a co-defendant's bank account, "Defendant Adams admits
18 taking, along with Donald Chaffee, this money from Kashani, as an unlawful
19 conversion of escrow funds."  (Answer ¶7, Docket No. 54).  Defendant Adams also
20 admits that he wrongfully used the credit of Habley and Fissatto to obtain credit cards,
21 loans, and cash.  (Answer ¶11). With respect to the defamatory statement, Defendant
22 Adams admits making the defamatory statement and represents that he "set the record
23 straight eventually and withdrew my defamatory statements."  (Answer ¶23).

**DISCUSSION**

**Legal Standards**

26 A motion for summary judgment shall be granted where "there is no genuine
27 issue as to any material fact . . . the moving party is entitled to judgment as a matter
28 of law."  FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th

1  Cir. 2005). The moving party bears the initial burden of informing the court of the
2  basis for its motion and identifying those portions of the file which it believes
3  demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,
4  477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that
5  the moving party support its motion with affidavits or other similar materials negating
6  the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on
7  the mere allegations or denials of a pleading, but must "go beyond the pleadings and by
8  [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and
9  admissions on file' designate 'specific facts showing that there is a genuine issue for
10 trial.'" Id. at 324, 106 S. Ct. At 2553 (citation omitted). The opposing party also may
11 not rely solely on conclusory allegations unsupported by factual data. Taylor v. List,
12 880 F.2d 1040, 1045 (9th Cir. 1989).

13 The court must examine the evidence in the light most favorable to the non-
14 moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt
15 as to the existence of any issue of material fact requires denial of the motion. Anderson
16 v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment,
17 when "'the moving party bears the burden of proof at trial, it must come forward with
18 evidence which would entitle it to a directed verdict if the evidence were
19 uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992)
20 (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d
21 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

22 **The Motion**

23 In light of the admissions made by Defendant concerning his role in the
24 misappropriation and conversion of $49,000 in funds from the escrow account, (Answer
25 ¶6,7, 28), the admission of making defamatory statements about Plaintiff, (Answer
26 ¶¶23, 26), the admission of liability on fraud and the wrongful use of identifying
27 information to obtain credit, (Answer ¶¶11, 27, 29), and Defendant Adam's failure to
28 file any opposition, the court grants Plaintiff's motion for partial summary as to liability

1  on each of the four causes of action. As both Plaintiff and Defendant agree that
2  damages are not properly awarded on the present motion for summary judgment, the
3  court defers ruling on damages until the time of trial.
4      In sum, the court grants Plaintiff's partial motion for summary judgment as to
5  liability on each of the four causes of action.
6      **IT IS SO ORDERED.**
7  DATED: September 11, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

10  cc:     All parties